UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM L. TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-2447-JDP (P)<br><br>ORDER |

    Plaintiff, a prisoner incarcerated at High Desert State Prison, brings this action against numerous defendants, alleging violations of his First and Eighth Amendment rights.  ECF No. 1. The complaint is deficient because it fails to provide most of the named defendants with sufficient notice of the claims against them and because it contains multiple, unrelated claims against more than one defendant.  I will dismiss plaintiff's complaint with leave to amend so that he may remedy these deficiencies.  I will grant his application to proceed *in forma pauperis*, ECF No. 5.

**Screening Order**

**I.      Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13  n.2 (9th Cir. 2006) (en banc) (citations omitted).
14        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
21      **II.**    **Analysis**
22        Plaintiff alleges that on August 13, 2024, his cellmate tested positive for Covid-19.  ECF
23  No. 1 at 6.  He claims that after staff were made aware of the positive test, they failed to isolate
24  his cellmate and, instead, forced plaintiff to continue housing with the infected inmate.  *Id.*  As a
25  result, plaintiff claims that he contracted the virus.  *Id.* at 8.  Substantively, this allegation is
26  sufficient to state an Eighth Amendment violation.  The complaint, however, is non-compliant
27  with Rule 8 insofar as its allegations as to each named defendant are not simple, concise, or
28  direct.  Fed. R. Civ. P. 8(d)(1).  Instead, the complaint makes its allegations generally and without

1  explaining how each defendant was involved in the violation of plaintiff's rights. Some
2  defendants, like Governor Newsom or Warden St. Andre, are not alleged to have had any
3  personal involvement whatsoever. Indeed, many of the defendants listed in the caption are absent
4  from the allegations raised in the complaint itself. Others, like Alkire and McNaught, are alleged
5  to have interacted with plaintiff in the days following the violation and failed either to extract him
6  or to move his cellmate. ECF No. 1 at 12. Plaintiff alleges, however, that the supervising officer,
7  an unnamed captain, had already indicated that no change was to be made. *Id.* Thus, it is unclear
8  which if any defendant was responsible for the decision to force him to house with an infected
9  cellmate.

10  I also find that plaintiff's allegations of retaliation, as articulated, appear insufficiently
11  related to his original medical claims to proceed in the same action. He alleges that defendants
12  Bell, Ramos, Gomez, Gaminchi, and Kelly have levelled "retaliatory practices" at him on a daily
13  basis in retaliation for his use of the prison grievance system to complain about the original
14  incident. *Id.* Plaintiff does not allege that any of these defendants were involved in the initial
15  failure to safeguard his health. Instead, he alleges that these defendants engaged in various
16  retaliatory incidents in the days that followed. These incidents are legally and factually separate
17  from the medical claims, and litigating them in the same lawsuit appears inappropriate. *See* Fed.
18  R. Civ. P 20(a)(2).

19  Lastly, as a matter of organization, it is unnecessary for plaintiff to repeat allegations he
20  has already made at the start of each section of the complaint. Doing so unnecessarily lengthens
21  the complaint and forces the reader to sift through redundant paragraphs to grasp the entirety of
22  his allegations.

23  I will dismiss plaintiff's complaint with leave to amend so that he may remedy the
24  deficiencies in his complaint. Plaintiff is advised that the amended complaint will supersede the
25  current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en
26  banc). The amended complaint should be titled "Amended Complaint" and refer to the
27  appropriate case number.
28

Accordingly, it is ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   January 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE