1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ABRAHAM L. TORRES,                              Case No.  2:24-cv-2447-JDP (P)

12                        Plaintiff,

13           v.                                       ORDER

14    GAVIN NEWSOME, *et al.*,

15                        Defendants.

16

17

18           Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against eighteen

19    defendants, alleging violations of the Eighth Amendment for inadequate medical care and of the

20    First Amendment for retaliation.  ECF No. 13.  For the purposes of screening, plaintiff has

21    sufficiently alleged an Eighth Amendment failure-to-protect claim against defendants Sullivan,

22    MacNaught, Barton, Thorton, Stalter, R. Alkire, Dr. Davis, and Jane Doe #1, and a First

23    Amendment retaliation claim against Kelly, Bell, and Gaminchi.  However, the remainder of his

24    allegations fail to state a claim against the remaining defendants.  Plaintiff may, if he chooses, file

25    an amended complaint that addresses the deficiencies noted herein, or he may proceed only on the

26    cognizable Eighth and First Amendment claims.

27

28

                                                    1

1                          **Screening and Pleading Requirements**

2          A federal court must screen the complaint of any claimant seeking permission to proceed

3    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

4    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

5    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

6    relief.  *Id.*

7          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

8    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

9    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

10   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

11   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

12   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

13   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

14   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

15   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

16   n.2 (9th Cir. 2006) (en banc) (citations omitted).

17         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

18   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

19   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

20   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

21   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

22   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

23   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

24                                   **Analysis**

25   **I.    Allegations**

26         Plaintiff brings his first amended complaint against eighteen defendants: Gavin Newsom,

27   the Governor of California; St. Andre, Warden of High Desert State Prison ("HDSP"); Williams,

28   A Facility Captain of HDSP; R. Alkire, MacNaught, Sullivan, Bell, Ramos, Gomez, Barton,

                                          2

1    Thorton, Stalter, B. Alkire, Gaminchi, Kelly, and Jane Doe #1, correctional officers at HDSP; and

2    Drs. Rueter and Davis, physicians at HDSP.  ECF No. 13 at 3-4.

3          Plaintiff first alleges that on August 13, 2024, his cellmate tested positive for COVID-19,

4    but he tested negative.  *Id.* at 5.  He informed custody staff that he did not feel comfortable

5    rooming with his cellmate, and he was told to wait in the dayroom while they evaluated the

6    situation.  *Id.*  Thirty minutes later, he alleges that Sullivan informed him that MacNaught and

7    Barton were ordering plaintiff back to his cell with his sick cellmate.  *Id.* at 5, 15. He asserts that

8    he then contracted COVID-19 as a result, and that his sickness was due defendants' actions in

9    failing to follow proper COVID-19 protocols.  *Id.* at 5-6.  Plaintiff also alleges that on August 14,

10   2024, R. Alkire and MacNaught asked plaintiff's cellmate to move to an isolation cell, but the

11   cellmate refused.  *Id.* at 10.  Plaintiff inquired what they planned to do with plaintiff, and they

12   informed him that they would not move him because he had already been exposed to COVID-19.

13   *Id.*  The next day, R. Alkire and MacNaught returned and again asked the cellmate to move to an

14   isolation cell, and the cellmate refused.  *Id.*  Plaintiff again voiced his concerns to no avail, and

15   plaintiff contracted COVID-19 as a result.  *Id.*  He also contends that Thorton and Stalter were

16   derelict in their duties by failing to require plaintiff's cellmate's extraction to an isolation cell.  *Id.*

17   at 16.  He further contends that Dr. Davis and Jane Doe #1 were responsible for placing him back

18   in his cell with his sick cellmate, and that medical staff failed to check on him.  *Id.* at 17.

19         Plaintiff alleges that he filed a grievance related to the above incidents, after which he

20   noticed a shift in how officers treated him.  *Id.* at 12.  He alleges that R. Alkire, MacNaught,

21   Sullivan, Bell, Ramos, Gomez, Gaminchi, and Kelly acted hostile toward him in retaliation for his

22   filing of a grievance.  *Id.* at 12.  He generally alleges that these defendants "harass[ed] and

23   humiliate[d]" him.  *Id.* at 13.  He specifically alleges that in one incident, Kelly spoke on the

24   intercom and repeatedly called plaintiff's name, and asked why he filed a grievance, in an effort

25   to humiliate him.  *Id.*  Also, Bell refused to make a medical report for plaintiff.  *Id.*  Gaminchi

26   purposefully ended a video call plaintiff had with his mother, telling plaintiff that if he had a

27   problem with Gomez or Ramos, then he had a problem with Gaminchi.  *Id.* at 14.

28

3

1          Plaintiff alleges that when he filed his grievance, the grievance office filed it as a common

2     grievance instead of an emergency grievance, meaning his complaints were not heard for at least

3     two months. *Id.* at 16. He alleges that B. Alkire was culpable for this delay. *Id.*

4          Plaintiff also asserts that Governor Newsom is to blame for his contracting COVID-19,

5     because Governor Newsom failed to supervise the prison system and to ensure it was following

6     appropriate protocols. *Id.* at 6. He asserts that St. Andre, as HDSP Warden, failed to properly

7     execute his duties in ensuring his staff follow appropriate protocols. *Id.* at 7. He also alleges that

8     Williams failed to ensure safety protocols of his subordinates and argues that he should be held

9     accountable. *Id.* at 9. Finally, he asserts that Dr. Reuter should be held responsible for not

10    enforcing medical protocols. *Id.* at 17. In each of these claims, plaintiff asserts that the

11    defendants violated his Eighth Amendment right to be protected from COVID-19 and that they

12    acted with a deliberate indifference to his needs. *See generally id.* at 5-17.

13         **II.      Claims Against Governor Newsom, St. Andre, Williams, & Dr. Reuter**

14         As an initial matter, plaintiff's claims against Governor Newsom, St. Andre, Williams,

15    and Dr. Reuter fail because there is no *respondeat superior* liability under § 1983. *Taylor v. List*,

16    880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a supervisory defendant is liable for the misconduct

17    of his or her subordinates only if he or she participates in or directs that conduct, or if he or she

18    knew of the violations and failed to act to prevent them. *Id.* Simply alleging that defendants

19    "allowed" the mistreatment to occur is insufficient. *See Sullivan v. Biter*, No. 1:15-cv-243-DAD-

20    SAB, 2017 WL 1540256, *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various

21    prison officials knew or should have known about constitutional violations occurring against

22    plaintiff simply because of their general supervisory role are insufficient to state a claim under 42

23    U.S.C. § 1983."). Here, plaintiff simply alleges that Governor Newsom, St. Andre, Williams, and

24    Dr. Reuter should be held liable for their subordinates' actions, but he does not allege that any of

25    these defendants participated in, directed, or knew of and failed to prevent the alleged issues. As

26    such, plaintiff's claims against Governor Newsom, St. Andre, Williams, and Dr. Reuter fail.

27

28

4

1

### III.    Eighth Amendment

2       An Eighth Amendment claim premised on prison officials' failure to protect the plaintiff

3 requires the plaintiff to allege that the deprivation at issue was objectively sufficiently serious,

4 meaning that the conditions posed a substantial risk of serious harm and that the defendants were

5 deliberately indifferent to that harm. *Farmer v. Brennan*, 511 U.S. 825, 934 (1994).  It is

6 undisputed that COVID-19 poses a substantial risk of serious harm to inmates. *Plata v. Newsom*,

7 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) ("[N]o one questions that [COVID-19] poses a

8 substantial risk of serious harm" to prisoners).  To be deliberately different to a substantial risk of

9 serious harm, defendants must be subjectively aware of the risk and fail to take reasonable

10 measures to prevent such risk. *Farmer*, 511 U.S. at 847.

11      For screening purposes, plaintiff has sufficiently alleged an Eighth Amendment claim

12 against Sullivan, MacNaught, Barton, Thorton, Salter, R. Alkire, Dr. Davis, and Jane Doe #1 for

13 their alleged failure to protect plaintiff from COVID-19.  However, to the extent plaintiff brings

14 this claim against Bell, Ramos, Gomez, Gaminchi, and Kelly, his claims fail, because he has not

15 alleged any specific facts supporting the contention that these defendants knew of and

16 consciously disregarded a risk to plaintiff's health or safety. *See Ivey v. Bd. of Regents*, 673 F.2d

17 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil

18 rights violations are not sufficient to withstand a motion to dismiss.").

19      ### IV.    First Amendment

20      While plaintiff has brought his claims under the Eighth Amendment, he appears to allege

21 that he was retaliated against for exercising his right to file a prison grievance, a potential First

22 Amendment violation.  As such, I will analyze these allegations under the First Amendment

23 framework.

24      For an inmate to sufficiently state a First Amendment retaliation claim, he must allege that

25 "(1) . . . a state actor took some adverse action against [him] (2) because of (3) [his] protected

26 conduct, and that such action (4) chilled the . . . exercise of his First Amendment rights, and

27 (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*,

28 408 F.3d 559, 567-68 (9th Cir. 2005).

1    Prisoners have a First Amendment right to file prison grievances, and the constitution

2    protects inmates from being retaliated against in connection with exercise of this right. *Id.* at 567.

3    However, inmates lack a separate constitutional right to any specific procedures in a state-created

4    prison grievance system. *Ramirez v. Galaza*, 334 F .3d 850, 860 (9th Cir. 2003); *Mann v. Adams*,

5    855 F.3d 639, 640 (9th Cir. 1988). As such, "because inmates have no constitutional right to a

6    prison grievance system, the actions of the prison officials in reviewing [the plaintiff's] internal

7    appeal cannot create liability under § 1983." *Ramirez*, 334 F.3d at 860.

8    For the purposes of screening, plaintiff has sufficiently pled a First Amendment retaliation

9    claim against Kelly, Bell, and Gaminchi. *See id.* at 567-68. However, his First Amendment

10   retaliation claims against R. Akirie, MacNaught, Sullivan, Bell, Ramos, and Gomez fail because

11   plaintiff makes no specific allegations that these defendants participated in any wrongdoing. *See*

12   *generally* ECF No. 13 at 12-14. Plaintiff only generally alleges that these defendants participated

13   in retaliatory conduct, and such conclusory allegations are insufficient to state a claim. *See Ivey*,

14   673 F.2d at 268. Additionally, plaintiff's claim against B. Alkire also fails, because plaintiff

15   merely alleges that B. Alkire was involved in a delay in processing his grievance; this is

16   insufficient to create § 1983 liability. *See Ramirez*, 334 F.3d at 860.

**Conclusion**

18   Plaintiff may either (1) notify the court that he wishes to proceed on his cognizable Eighth

19   Amendment failure to protect claim against Sullivan, MacNaught, Barton, Thorton, Stalter, R.

20   Alkire, Dr. Davis, and Jane Doe #1, and First Amendment retaliation claim against Kelly, Bell,

21   and Gaminchi, in which case I will direct service, or (2) plaintiff may elect to amend his

22   complaint. If plaintiff amends his complaint, I will delay serving any defendant and will screen

23   his amended complaint in due course. Plaintiff is reminded that any amended complaint will

24   supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir.

25   2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and

26   refer to the appropriate case number.

27

28

1     Accordingly, it is hereby ORDERED that:

2         1. Within thirty days from the service of this order, plaintiff must indicate his intent to

3  proceed only with his Eighth Amendment failure to protect claim against Sullivan, MacNaught,

4  Barton, Thorton, Stalter, R. Alkire, Dr. Davis, and Jane Doe #1, and First Amendment retaliation

5  claim against Kelly, Bell, and Gaminchi, or he must file an amended complaint.  If he selects the

6  latter, no defendants will be served until the new complaint is screened.

7         2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

8
   IT IS SO ORDERED.
9

10
   Dated:    April 30, 2025                    _____
11
                                              JEREMY D. PETERSON
12                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28