UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ABRAHAM L. TORRES, | Case No. 2:24-cv-2447-JDP (P) |
|---|---|
| Plaintiff, | |
| v. | ODER |
| ST. ANDRE, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against eighteen different defendants and alleges numerous violations of his rights. It is difficult to understand the precise number of claims at issue, whether those claims are all sufficiently related, and how each of the eighteen named defendants is implicated in those claims. Accordingly, I will dismiss the complaint with leave to amend, so that plaintiff may file an intelligible complaint that complies with the Federal Rules of Civil Procedure.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20      **II.**    **Analysis**

21        Plaintiff names eighteen defendants in the caption of his complaint and alleges that his
22  rights were violated in August 2024 when he contracted Covid-19 after being forced to lodge in a
23  cell with an infected inmate.  The complaint is difficult to read owing, in part, to organization.
24  While the complaint is typed, plaintiff has not used paragraphs or divided his claims in any
25  coherent manner.  This might be an inconvenience in a case with a limited number of defendants,
26  but it makes following the allegations exceptionally difficult when they are being levied against
27  eighteen individuals.  Additionally, plaintiff has several sections where allegations repeat, and it
28  is unclear to me whether this is an error, intended for effect, or if these are, in some way I cannot

1  grasp, meant to be separate claims.  For instance, pages five, eight, and ten—each of which
2  denotes the start of a new claim—all begin by alleging that plaintiff's cellmate contracted the
3  Covid-19 virus and go on to describe alleged wrongdoing by various officers and medical staff.
4  Based on these deficiencies, the pleading fails to give each defendant fair notice of the claims
5  against him or her, as the Federal Rules of Civil Procedure require.  *Bell Atl. Corp. v. Twombly*,
6  U.S. 544, 555 (2007).

7      As a final matter, plaintiff also brings claims alleging that, in December 2024, defendants
8  retaliated against him for protected conduct by destroying his property, keeping him in a holding
9  cage for an extended period, and subjecting him to other adverse consequences.  *Id.* at 18.  These
10 claims do not appear sufficiently related to his other claims for inadequate medical care to
11 proceed in the same suit.

12     Accordingly, I will dismiss the complaint and afford plaintiff a final opportunity to amend
13 so that he may remedy these deficiencies.  He is advised that the amended complaint will
14 supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir.
15 2012) (en banc).  The amended complaint should be titled "Third Amended Complaint" and refer
16 to the appropriate case number.

17     It is ORDERED that:

18     1.  Plaintiff's complaint, contained in ECF No. 17, is DISMISSED with leave to amend.

19     2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended
20 complaint or (2) notice of voluntary dismissal of this action without prejudice.

21     3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may
22 result in the imposition of sanctions, including a recommendation that this action be dismissed
23 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

24     4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: __August 4, 2025__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE