UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABRAHAM L. TORRES,

Plaintiff,

v.

GAVIN NEWSOM, *et al.*,

Defendants.

Case No.  2:24-cv-2447-TLN-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding *pro se* in this section 1983 action, has now filed a third amended complaint.[1]  ECF No. 29.  Accordingly, I will withdraw my findings and recommendations that this action be dismissed for failure to prosecute.  ECF No. 25.  The third amended complaint, however, retains the primary deficiency that doomed his previous complaint, namely that it does not contain a short and plain statement of his claims that puts each defendant on notice of the claims against them.  Accordingly, I now recommend that the third amended complaint be dismissed without leave to amend.

---

[1] Plaintiff has submitted two copies of the complaint, ECF Nos. 28 & 29, and, out of an abundance of caution, I will review the latter one.

1

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

As before, plaintiff's complaint broadly concerns an alleged failure by numerous defendants at High Desert State Prison to follow protocol and protect him from exposure to the Covid-19 virus.  The complaint is hardly straightforward, however; plaintiff has sued eighteen different defendants in connection with this alleged failing.  ECF No. 29 at 3-4.  And the pleading

2

is not up to the task of putting each of these defendants on notice of the specific claims against them. For instance, he alleges that defendants St. Andre, Stalter, Thorton, and Williams failed to follow protocol and "looked the other way" when they did not quarantine an inmate infected with Covid-19. *Id.* at 5-6. Plaintiff offers no specifics as to what each defendant knew, when they knew it, or what responsibility each had for enforcing protocols in the prison. And lists of defendants followed by a general claim that they collectively, vaguely harmed the plaintiff are insufficient to meet federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted). This issue recurs throughout the complaint. For instance, he alleges that defendants Sullivan, Ramos, Bell, and Gomez failed to use protective medical gear when dealing with the affected inmate, but does not state when they dealt with the inmate or what protective gear they failed to use. ECF No. 29 at 6-7. Additionally, it is unclear how these defendants' alleged failure to protect themselves can be said to have caused plaintiff any harm, as he alleges that he contracted the virus directly from the infected inmate. *Id.* at 6. Elsewhere, he alleges that "defendants #8, #9, #10, [and] # 11" served plaintiff his food directly after serving the infected inmate, and without using protective gear. *Id.* at 7. This allegation has the same issues as the foregoing claim concerning protective gear, with the added complication that the reader is forced to refer to the list of defendants at the beginning of the complaint to ascertain what defendants are even being implicated.

More broadly, the complaint is difficult to follow due to the same lack of organization that I warned plaintiff about in my previous screening order. There, I found that the previous complaint:

> The complaint is difficult to read owing, in part, to organization. While the complaint is typed, plaintiff has not used paragraphs or divided his claims in any coherent manner. This might be an inconvenience in a case with a limited number of defendants, but it makes following the allegations exceptionally difficult when they are being levied against eighteen individuals. Additionally, plaintiff has several sections where allegations repeat, and it is unclear to me whether this is an error, intended for effect, or if these are, in some way I cannot grasp, meant to be separate claims.

3

ECF No. 19 at 2-3.  Plaintiff has made no obvious attempt to remedy this issue; his third amended complaint remains composed of unbroken strings of text that are not organized by claim or defendant, making it impossible for the reader to ascertain how many separate claims are at issue. Indeed, towards the second half of the complaint, plaintiff transitions from complaining about the failure to follow covid protocols to alleging various instances of alleged retaliation, including verbal disrespect and hostility, ECF No. 29 at 14, being given a write up for a window covering, *id.* at 15, and disconnecting his video call with a family member, *id.*  I previously warned plaintiff that unrelated claims about retaliation could not proceed with his claims about contracting Covid-19.  ECF No. 19 at 3.

Dismissal without leave to amend may be appropriate where, as here, a plaintiff has repeatedly failed to cure deficiencies.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  I dismissed plaintiff's last complaint with leave to amend for these identical deficiencies, ECF No. 19, and, despite being given multiple extensions of time to file an amended complaint, ECF Nos. 21 & 23, he has filed an amended complaint that is not better in any meaningful way.  I now recommend this action be dismissed without leave to amend for failure to file a complaint that complies with federal pleading standards.

Accordingly, it is ORDERED that the findings and recommendations at ECF No. 25 are VACATED and WITHDRAWN.

Further, it is RECOMMENDED that the third amended complaint, ECF No. 29, be DISMISSED without leave to amend as non-compliant with federal pleading standards.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:    May 5, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE